UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO JUSTO RODRIGUEZ LICEA; FERNANDO ALONSO HERNANDEZ; LUIS ALBERTO CASANOVA TOLEDO,<br><br>             Plaintiffs,<br><br>v.<br><br>CURACAO DRYDOCK COMPANY, INC. aka CURACAOSE DOKMAATSCHAPPIJ NV aka CDMNV,<br><br>             Defendant. | Civil No. 14mc1498 DMS(RBB)<br><br>ORDER GRANTING MOTION TO COMPEL VENTURA TRADING COMPANY, LTD. TO PROVIDE A GARNISHEE'S MEMORANDUM [ECF NO. 8] |

On December 22, 2014, a Clerk's Certification of a Judgment to be registered in Another District and the Final Judgment entered in the United States District Court for the Southern District of Florida were filed in this district [ECF No. 1]. The money judgment was in favor of Plaintiffs Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo against Defendant Curacao Drydock Company, Inc.

This Court, on January 5, 2015, issued a Writ of Execution in the sum of $88,571,146.01 [ECF No. 3]. The following day, a Deputy United States Marshal served the Writ of Execution and Notice of

Levy on Karanbir I. Singh, captain of the vessel "Dole Ecuador," as agent for Ventura Trading Company, Ltd. ("Ventura Trading") and Dole Foods Company, Inc. (Process Receipt 1, ECF No. 4; Process Receipt 1, ECF No. 5.)

On January 16, 2015, counsel for Plaintiffs received a letter from David D. Piper, of the Law Offices of Keesal, Young & Logan, stating that the firm represented Ventura Trading and disputing that the Writ of Execution was properly served. (See Decl. Ingram Supp. Pls.' Mot. Compel Ventura Trading 2, ECF No. 9.) The Writ of Execution, Notice of Levy, Garnishee's Memorandum and Florida Judgment were mailed to Ventura Trading's two Costa Rican addresses on February 12, 2015. (See id.) On February 19, 2015, David Piper provided Plaintiffs' counsel an address and registered agent for Ventura Trading, and on February 23, 2015, the same garnishment documents were mailed to that address. (Id.)

Plaintiffs, on March 3, 2015, filed a Motion to Compel Ventura Trading Company, Ltd. to Provide a Garnishee's Memorandum [ECF No. 8]. As of that date, "Ventura [had] not returned it's Garnishee's Memorandum." (Mot. Compel Ventura Trading 3, ECF No. 8.) Instead, according to Plaintiffs, "Ventura's attorney merely sent a letter indicating that the admitted service upon the Master of the 'Dole Ecuador' did not result in service on Ventura and that Ventura did not intend to provide a Garnishee's Memorandum." (Id. at 6.)

Plaintiffs argue that Ventura Trading, Dole Foods Company, and Reefership Marine, "collectively own, operate and manage the 'Dole Ecuador,' a vessel that received services from Judgment Debtor [Curacao Drydock Company] in Curacao." (Id. at 2.) They contend that Reefership and Dole have stated that Ventura "owns the Dole

Ecuador and that [Ventura] owes for its repairs." (Id.) On January 6, 2015, while the Dole Ecuador was in port in San Diego, the master of the vessel was served with the Writ of Execution, Notice of Levy, and related documents. (See id.)

Plaintiffs have provided persuasive authority that service on Karanbir Singh, captain of the vessel, was valid. (Id. at 7.) They cite Rodriquez Licea v. Curacao Drydock Co., No. 4:13-MC-00874, slip op. (S.D. Tex. Sept. 19, 2014), as authority for effectively serving the owner of a ship by serving process on the ship's captain. In that case, writs of garnishment were served on the masters of two vessels while the ships were in port. Id. at 2. The district court wrote, "Service on a captain of a ship or other person in charge of the non-resident's business in a jurisdiction on that business has long been equivalent to service on the corporation." Id. at 2 n.2 (citing Witham v. The James E. McAlpine, 96 F. Supp. 723 (E.D. Mich. 1951)). It continued, "Here, service was effected for the more limited purpose of garnishment, and thus service on the masters would satisfy service on the corporations." Id. at 2 n.2. Likewise, service on Karanbir Singh, captain of the Dole Ecuador, was effective.

Pursuant to section 701.030(a) of the California Code of Civil Procedure, "Within 10 days after the legal process is served [on a third party], the third person shall mail or deliver the garnishee's memorandum to the levying officer whether or not the levy is effective." Cal. Civ. Proc. Code § 701.030(a) (West 2009). The garnishee's memorandum is signed under oath and contains information regarding the debt owed to the judgment debtor. See id.

On January 16, 2015, counsel for Ventura Trading responded by letter to the Writ of Execution and Notice of Levy; he wrote that Ventura does not "hold any property or owe any obligation to the judgment debtor." (See Decl. Ingram Supp. Pls.' Mot. Compel Ventura Attach. #2 Letter from David Piper to Jeffrey Ingram (Jan. 16, 2015), ECF No. 9.)  In substance, the letter addresses the requirements of section 701.030(a), except it is not under oath. Consequently, it is deficient.

For all these reasons, Plaintiffs' Motion to Compel Ventura Trading Company, Ltd. to Provide a Garnishee's Memorandum [ECF No. 8] is **GRANTED.**  Ventura Trading Company, Ltd. is to comply with California Civil Procedure Code § 701.030 within ten days of being served with this order.  Plaintiffs are responsible for service of the order.

DATED:  March 27, 2015

Ruben B. Brooks
United States Magistrate Judge

cc:
Judge Sabraw
All Parties of Record